**Lan Duc TRAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72083.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 28, 2007.*

Filed April 23, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John L. Ogletree, Ogletree Law Offices, Los Angeles, CA, for Petitioner.

District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark C. Walters, U.S. Department of Justice, Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Lan Duc Tran, a native and citizen of Vietnam, petitions for review from the summary affirmance by the Board of Immigration Appeals (BIA) of the decision of an Immigration Judge (IJ), who found Tran not credible and denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Because the BIA affirmed without opinion, we review the IJ's decision. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1184 (9th Cir.2006). We review the adverse credibility finding for substantial evidence, requiring that the IJ provide specific and cogent reasons that go to the heart of Tran's claim. *See Rivera v. Mukasey,* 508 F.3d 1271, 1274 (9th Cir.2007).

■ The IJ identified a number of implausibilities and inconsistencies in Tran's testimony which, "particularly when viewed cumulatively, deprive [Tran's] claim of the requisite ring of truth." *Id.* at 1275 (internal quotations omitted). The IJ also noted that forensic examination showed that one of Tran's documents, his release papers, had later been doctored to add his birth date. Details that are "unusual or indicative of forgery," combined with an IJ's experience, are substantial evidence of the lack of credibility of an official document. *See Lin v. Gonzales,* 434 F.3d 1158, 1164 (9th Cir.2006). We conclude that the adverse credibility finding was supported by substantial evidence.

ed by 9th Cir. R. 36–3.

Tran does not challenge the denial of his request for withholding of removal. He does, however, argue that given that he faces criminal charges of embezzlement in Vietnam, he should be granted CAT relief because he would be subject to the death penalty. We need not address that issue because the evidence before the BIA indicated that the maximum penalty for embezzlement of the amount in issue in this case is fifteen years' imprisonment. We deny Tran's petition for review as to his CAT claim.

PETITION FOR REVIEW DENIED.

